Hilton

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

INSTRUCTIONS FOR FILING COMPLAINT BY PRISONER UNDER
CIVIL RIGHTS ACT, 42 U.S.C. § 1983

1. This complaint must be legibly handwritten or typewritten and signed by plaintiff. Any false statement of material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. In order for this complaint to be filed, it must be accompanied by the **filing fee of $350.00** 28. U.S.C. § 1914(a) and a **$50.00 administrative fee.** If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*. Please complete the enclosed affidavit setting forth information establishing your inability to prepay the fees and costs.

3. When these forms are complete, they must be mailed to the Clerk of the United States District Court for the Eastern District of Virginia. This address is listed below:

United States District Court
Eastern District of Virginia
701 East Broad Street
Suite 300
Richmond, Virginia 23219-3528

4. Complaints that do not conform to these instructions will be returned with a notation as to the deficiency.

5. ALL COPIES OF THE COMPLAINT MUST BE IDENTICAL. DO NOT MAIL THE FORMS TO A SPECIFIC JUDGE.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

**Action Number**
( To be supplied by the clerk of the U.S. District Court )

Please fill out this complaint completely. The Court needs information requested in the order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I.      PARTIES

A.      Plaintiff:



RECEIVED
AUG 24 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

1. (a) DUMAR M. HARPER (b) 1171916
   (Name) (Inmate number)
   (c) MARION CORRECTIONAL TREATMENT CENTER
   (Address)
   110 WRIGHT STREET
   MARION, VIRGINIA 24354

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B. Defendants (s):
1. (a) Harold W. Clarke (b) Director of the Virginia Dept. of Corrections
   (c) Post Office Box 26963, Richmond, Virginia 23261-6369
2. Contracted Medical Support Staff via Virginia Dept. of Corrections for the following institution:

MARION CORRECTIONAL TREATMENT CENTER
Name of institution

110 WRIGHT STREET
MARION, VIRGINIA 24354
Address

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

**II. PREVIOUS LAWSUITS**

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [ ] No [X]

B. If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

**NOTE:** Section "B" is not applicable.


RECEIVED
AUG 24 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## III. GRIEVANCE PROCEDURE

A. At what institution did the events concerning your current complaint take place:

MARION CORRECTIONAL TREATMENT CENTER
Name of Institution

B. Does the institution listed in "A" have a grievance procedure? Yes [X] No [ ]

C. If your answer to "B" is Yes:
  1. Did you file a grievance based on this complaint?   Yes [X]   No [ ]
  2. If so, where and when: MARION CORRECTIONAL TREATMENT CENTER, ON 1-1-2018
  3. What was the result? "UNFOUNDED" ON THE LEVEL 1 GRIEVANCE RESPONSE.
  4. Did you appeal? Yes [X] No [ ]
  5. Result of the appeal: "THE DECISION OF THE LEVEL 1 RESPONDENT IS UPHELD. LEVEL 2 IS THE LAST LEVEL OF APPEAL FOR THIS GRIEVANCE."

D. If there was no prison grievance procedure in the institution, did you complain to authorities?

**NOTE:** Section "D" not applicable as I was privy to a prison grievance procedure. Also the accompanying section "E" would not apply as well.

## IV. STATEMENT OF THE CLAIM

State here the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the dates, places of events, and the constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.

The allegations involved encompasses, violations of plaintiff's eighth amendment rights, negligence, and medical malfeasance perpetrated by the parties listed as defendants. As such, there exist a culture of impunity, lackadaisical attitudes, and a general complicity of institutional bureaucracy which portended very bad outcomes.

On (date/year:) OCTOBER 12, 2017 plaintiff was seriously injured while in the performance of his duties pursuant to Virginia Department of Corrections- (VADOC)- Operating Procedure 841.2 "Inmate Worker Program." This injury should never have occurred as the institution

never followed proper security protocols with regard to inmate workers and interaction with "high risk offenders" who pose a threat to the safety and security of staff and inmate population. (Please review attached notes made contemporaneously) This in and of itself creates a litany of concerns which to this very day have never been adequately addressed.

Several hours later after a perfunctory examination by prison medical staff, plaintiff was transported to a local hospital where he was advised of serious life altering consequences of his injury. It was conveyed that immediate comprehensive surgery and follow up should be undertaken to enhance a full recovery and/or mitigate the consequences of said injury. The officials did not take heed of this independent medical diagnosis/prognosis and delayed any action, thus endangering the welfare of the plaintiff. A clear violation of the 8th amendment with regard to "cruel and unusual punishment": As a VADOC inmate, plaintiff becomes a "ward" of the state, making the Director of that agency responsible for his safety, health, and general wellbeing. (see § 53.1-10. Powers and duties of Director)

In the ensuing days, weeks, and months the plaintiff was challenged by an apathetic medical staff who appeared intent on marginalizing his injury by applying the bare minimum medical attention as required. He traveled back and forth to various medical appointments where he was screened and given advisements similar to initial appointment. Plaintiff had to plead with prison authorities to arrange a surgery which took place several weeks after injury. He was coerced into signing a release for an "outside physician" designated by VADOC. This doctor refused to perform the surgery without plaintiff's signature on the document which essentially absolved the doctor of any responsibility should there be any complications during or after surgery. In a state of confusion and duress the plaintiff reluctantly signed the release. The doctor advised that due to VADOC's delays, plaintiff could experience some complications. Post-surgery and doctor conveyed that he "felt" surgery had been relatively successful; "he did his part". However, plaintiff continued to have issues as the injury did not improve: again review contemporaneous notes.

Complying with the Prison Litigation Reform Act (PLRA) this plaintiff went through the proper grievance protocol as was provided by the institution. He did so in genuine attempts seeking redress to ameliorate his circumstances. These grievances were often returned and routinely deemed "unfounded" or classified with redundant denials. Never did the prison officials recognize and/or meet with the plaintiff to assuage his anxiety regarding his injury or try and reach a compromise with his health being the ultimate concern. Hence repeated intrusion and violations of the 8th amendment... ▸ cruel and unusual punishment. (17c) Punishment
that is torturous, degrading, inhuman, grossly disproportionate
to the crime in question, or otherwise
shocking to the moral sense of the community. Cruel
and unusual punishment is prohibited by the Eighth
Amendment.

With regard to negligence, the officials lack of expediency has contributed greatly to the uncertainty of plaintiff's full recovery and altered quality of life. This has been recently adjudicated in the following case: > 243 F.Supp.3d 707

United States District Court,

E.D. Virginia,

Norfolk Division.

Roxanne ADAMS, Administrator of the Estate of Jamycheal M. Mitchell, Plaintiff,

v.

NAPHCARE, INC., et al., Defendants.

CIVIL ACTION NO. 2:16cv229

Signed 03/21/2017

**Background:** Administrator of estate of pretrial detainee who died in jail filed suit against jail's correctional officers, asserting § 1983 claims based on denial of medical care, conditions of detention, physical abuse and excessive force, and general civil rights violations, and also asserting claims under Virginia law for negligence, gross negligence, and willful and wanton negligence. Officers filed motions to dismiss for failure to state a claim.

**Holdings:** The District Court, Rebecca Beach Smith, Chief Judge, adopted, as modified, the report and recommendation of Lawrence R. Leonard, United States Magistrate Judge, and held that:

(1) complaint's individual and collective allegations provided correctional officers with fair notice of the claims against them;

(2) complaint stated § 1983 claim for denial of medical care; and

(3) alleged acts or omissions did not involve discretion, and thus, officers were not entitled to sovereign immunity under Virginia law.

In this case, eerily similar to this plaintiff, the officials gross negligence led to the demise of the inmate as there exist probable cause that had officials acted with providence and expediency the outcome could have been better. While this inmate suffered the ultimate penalty, his life, this plaintiff's long term prognosis remains perilous as "X" is the unknown. What effects will the prison officials negligence render upon this plaintiff?

Plaintiff's claims in grievances and contemporaneous notes document that officials should have known that certain inmates designated security risk had potential to be dangerous. That said, the court has precedence for conduct by prison officials which is injurious to staff and inmates. In Gilbert v. Commonwealth No. 03-199 June 3, 2004 the court ruled in favor of the plaintiff with similar circumstances as this plaintiff.

In considering the defendants' Plea in Bar, the Court must assume the truth of all factual allegations set forth in Gilbert's Motion for Judgment and view in her favor all evidence presented. > Whitley v. Commonwealth, 260 Va. 482, 493, 538 S.E.2d 296, 302 (2000); > Tomlin v. McKenzie, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996).

The plaintiff, in paragraphs seven through thirteen of her Motion for Judgment, alleges the facts surrounding her attack as follows:

7. At all relevant times the defendants had charge of an inmate at MCTC named Michael Bryant ("Bryant").

8. The defendants knew or should have known that Bryant had a history and record of criminality and violence against women that included capital murder and rape as well as assaults of prison inmates and prison personnel at MCTC and other correctional facilities in Smyth

9. County, Virginia, all as documented by the Notice filed by the Office of the Commonwealth Attorney of Smyth County that is attached as Exhibit A. (not attached to this letter)

10. The defendants knew or should have known Bryant was predisposed towards violent crimes against women and posed a threat and danger to females both at MCTC and in surrounding neighborhoods and areas.

11. The defendants had control, custody and charge of Bryant.

12. At all relevant times the defendants had a duty to protect and guard employees of MCTC, including Gilbert, against Bryant. As part of this duty, the defendants were required to monitor Bryant's movements within MCTC and prevent Bryant from having unguarded access to Gilbert and other women.

13. The defendants knew that shortly before and on July 16, 2002, Bryant loitered around Gilbert's office door without permission and exhibited signs of psychosis. In the early morning hours of July 16, 2002, medical personnel at MCTC had to medicate Bryant because of his psychotic agitation. These and other warning signs put the defendants on specific, actual or constructive notice that Bryant might attempt to harm Gilbert.

14. Defendants Rhea and Keyes and other agents and employees of the Department breached and violated their ordinary, special, common law and statutory duties of care and protection by, inter alia,

(A) Failing to take reasonably necessary and appropriate precautions to protect Gilbert from Bryant.

(B) Allowing Bryant to wander freely and unrestrained and otherwise failing to monitor his movements through MCTC on July 16, 2002.

(C) Failing to make the slightest effort to find Bryant between approximately 10:00 a.m. and 11:00 a.m. while he was attempting to forcibly sodomize and kill Gilbert.

(D) Failing to respond to Gilbert's screams for help, aid and assistance.

(E) Flagrantly violating MCTC rules and policies with respect to controlling inmates and guarding innocent persons against inmate assaults.

(M.J., par. 19 and Ex. B).

The Court finds that this matter is controlled by > Code § 65.2-301:(A) Any employee who, in the course of employment, is sexually assaulted, as defined in§ 18.2-61, § 18.2-67.1, § 18.2-67.3 or § 18.2-67.4, and promptly reports the assault to the appropriate law-enforcement authority, where the nature of such employment substantially increases the risk of such assault, upon a proper showing of damages compensable under this title, shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workers' compensation benefits.

In this case the plaintiff, while in the course of her employment, was subjected to an attempted forcible sodomy and promptly reported the attack to the appropriate law enforcement authority. Therefore, the question becomes did the plaintiff's employment as a medical records technician at a prison for the treatment of inmates with psychiatric problems substantially increase the risk of such assault. The Court need go no further than the allegations contained in plaintiff's Motion for Judgment in paragraphs 7-13. It is clear that, due to the nature of the prisoners housed at the Marion Correctional Treatment Center and the fact they must have rules and policies to control such inmates from attacking the employees, the plaintiff's employment substantially increased the risk for assault. If the facts of this case do not demonstrate that the risk of assault has been increased as a result of employment, then the Court cannot imagine any time when the provisions of > § 65.2-301 could apply. This is emphasized by the behavior of the attacker as alleged in the Motion for Judgment. The attacker was waiting for a lapse in the security, which protected the employees of the prison to commit this assault. This Court, after trying the criminal matter related to this case, certainly sympathizes with the ordeal that the plaintiff suffered, however, the Court feels the law is clear in this instance.

Therefore, the Court sustains the Plea in Bar, finding that plaintiff's exclusive remedy is workers' compensation. The other motions presently before the Court are rendered moot by the Court's ruling, and the Court will request that Paul Kugelman, Jr., Esq., prepare an appropriate order reflecting the Court's ruling.

Thusly, this plaintiff-while a VADOC inmate-should be considered with the same deference with regards to the facts of his allegations and hence is also entitled to appropriate relief.

City/County of Smyth
Commonwealth of Virginia
The foregoing instrument was acknowledged before me this 10 day of August
by Dumas Harper

Notary Public
My commission expires Nov 30 2020

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _DH_ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

✓ Award money damages in the amount of $ 300,000.00
✓ Grant injunctive relief by IMMEDIATE COMPREHENSIVE MEDICAL TREATMENT
✓ Other REIMBURSMENT OF MEDICAL EXPENSES

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last 6 months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

MARION CORRECTIONAL TREATMENT CENTER

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes[ X ]  No [ ]. You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this 20TH day of August, 2018.

Plaintiff Dumas Harper

[Notary Seal: GEORGE H. BERRY, NOTARY PUBLIC, COMMONWEALTH OF VIRGINIA, REG. #752550]